**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 17, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

ANTHONY S. KIDD,

　　　Plaintiff - Appellant,

v.

JEREMY BAKER; TYLER JONES;
MICHAEL FALCK; JASON VSETECKA;
(FNU) SIMMONS; JOHN DOE,

　　　Defendants - Appellees.

No. 23-3093
(D.C. No. 5:22-CV-03123-JWL)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

　　　Anthony Kidd filed suit under 42 U.S.C. § 1983 in the United States District

Court for the District of Kansas alleging that officers at the Larned Correctional

Mental Health Facility choked him and used excessive force while he was handcuffed

and restrained. The district court dismissed the case because Mr. Kidd (1) failed to

state a claim and (2) failed to exhaust his administrative remedies before filing his

---

　　　[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

complaint, as required by 42 U.S.C. § 1997e(a). He appealed, and this court affirmed on the exhaustion ground without addressing whether he failed to state a claim.

Mr. Kidd then filed two pleadings with the district court: a motion to reconsider and a sworn statement from a fellow inmate describing the incident underlying the original complaint. The district court denied the motion to reconsider, and he now appeals that denial. We affirm.

The sworn statement submitted by Mr. Kidd is irrelevant to the exhaustion issue on which we previously affirmed dismissal of the complaint. And the motion to reconsider does not allege any new attempt to exhaust his administrative remedies. Instead it argues that his previous efforts did exhaust his administrative remedies. But that issue was dispositively resolved on his prior appeal. It is too late now to make arguments that could have been raised earlier or to repeat arguments that have already been rejected.

We **AFFIRM** the district court's denial of Mr. Kidd's motion to reconsider. We **GRANT** Mr. Kidd's motion to proceed *in forma pauperis* on appeal, and we remind him of his continuing obligation to make payments to the court.

Entered for the Court


Harris L Hartz
Circuit Judge